James J. Leff, J.
This case arises out of a controversy among three general partners over the management and control of the Two Eleven Company, a limited partnership in the real estate business. The petitioner, one general partner, brings a proceeding under CPLR article 78, to compel a second general partner to turn over the management of the property to the third general partner. At a meeting with two of the three general partners *246 present, held pursuant to notice, the two attending general partners removed the third general partner as managing agent. The refusal of the third partner to acquiesce in that decision and to surrender the records and property of the partnership is the basis of this proceeding.
The petitioner partner would invoke CPLB. article 78, by urging that a general partner is an “ officer” under CPLB 7802 (subd. [a]) and that his failure to acquiesce to a decision by his fellow partners constitutes a failure to perform a1 ‘ duty enjoined upon [him] by law ” (CPLB 7803). It is clear that a disagreement exists among the partners and that their rights should be adjusted. (Partnership Law, §§ 40-44.) Whether they are best advised to do this by seeking a dissolution of the partnership, an accounting, or a suit for damages, is for them to decide. One avenue not open to them is a proceeding under article 78. While CPLB 104 enjoins me to give the CPLB a construction that is ‘ ‘ liberal ’ ’ I am not yet encouraged to give it a construction that is psychedelic. There is no authority for adjudicating disagreements among members of a partnership by a proceeding under CPLB article 78.
I recognize that CPLB 103 (subd. [c]) empowers me to “ make whatever order is required for [the] proper prosecution ’ ’ of the action where it is not brought in proper form. I do not read that provision as a direction to draw the pleadings for the litigants.
There is another lawsuit pending in this court (N. Y. County, Index No. 19066-69) arising out of the same controversy. Under that circumstance, the petitioner in this case would be better advised to seek such relief as he thinks he is entitled to in that action rather than by a new pleading in this case. The petition is dismissed.